FILED
U.S. District Court
District of Kansas

MAR 2 6 2026

Clerk, U.S. District Court
By_____*cm*_____Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

Plaintiff,

v.

Case No. 6:25-cr-10016-EFM

RAASHAD ROBINSON,

Defendant.

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Katherine J. Andrusak, Raashad Robinson, the defendant, personally and with his counsel, Richard Paugh, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Superseding Indictment charging a violation of 21 U.S.C. § 846, that is, Drug Conspiracy. By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Superseding Indictment to which he has agreed to plead guilty is not less than 10 years and not more than Life in prison, a $10,000,000 fine, not less than 5 years of supervised release, and a $100.00 mandatory special assessment. The defendant agrees to forfeit certain property as outlined below.

1

2.      **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> Beginning as early as March of 2024 and continuing to September of 2024, Raashad ROBINSON, the defendant, admits to traveling from Kansas to Arizona on multiple occasions to obtain quantities of Fentanyl and Fentanyl Analogue for distribution in Kansas. The defendant admits that once he obtained controlled substances from his sources in Arizona, he returned to Kansas where he supplied other co-conspirators, known and unknown, with quantities of Fentanyl and Fentanyl Analogue which they further distributed in Kansas and elsewhere. ROBINSON also retained quantities of controlled substances which he distributed personally in Kansas.

> Prior to September 4, 2024, ROBINSON admits to driving from Kansas in his Dodge Charger to Phoenix, Arizona, to obtain additional quantities of Fentanyl pills. On September 4, 2024, ROBINSON was stopped by police officers in Stratford, Texas. After searching ROBINSON's Dodge Charger the officers found Fentanyl powder and Fentanyl pills ROBINSON admits he had intended to transport to Wichita, Kansas for distribution. While in custody in Texas, ROBINSON admitted he had traveled to Arizona where he obtained the controlled substances located in his vehicle. He also admitted he had previously traveled to Arizona five times to purchase Fentanyl that he transported to Kansas and he distributed portions of the drugs himself and provided additional quantities to coconspirators in Wichita, Kansas.

> Raashad ROBINSON admits he is responsible for bringing Fentanyl from Arizona to Kansas on multiple occasions in 2024 and that he supplied portions of these controlled substances to coconspirators knowing they would further distribute these drugs in Kansas.

3.      **Application of the Sentencing Guidelines.**     The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that

2

facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.

4.    **Relevant Conduct.**    The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.    **Government's Agreements.**    In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

   a.    To dismiss the remaining counts of the Superseding Indictment and the Indictment at the time of sentencing.

   b.    To not file any additional charges against the defendant arising out of the facts forming the basis for the Superseding Indictment;

   c.    To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty; and

   d.    To join the defendant in requesting a sentence within a range of 19-25 years. In other words, the defendant will not request a sentence of less than 19 years, and the government will not request a sentence of more than 25 years. The parties understand this agreement is not binding on the Court.

3

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or has otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6.    **Agreement of the Parties**. The parties agree to jointly request a sentence within a range of 19-25 years. In other words, the defendant will not request a sentence of less than 19

years, and the government will not request a sentence of more than 25 years. The parties understand this agreement is not binding on the Court.

7.     **Sentence to be Determined by the Court.**    The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.    The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

8.     **Withdrawal of Plea Not Permitted.**    The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

9.     **Payment of Special Assessment.**    The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing.    The burden of establishing an inability to pay the required special assessment lies with the defendant.

10.     **Waiver of Appeal and Collateral Attack.**    The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.    The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.    By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.    The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited

5

to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11.    **Waiver of FOIA Request.**    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

12.    **Forfeiture.**  The defendant agrees and consents to the forfeiture of the following property to the United States:

- a Smith and Wesson, 9mm pistol, S/N FCA1244;
- a Ruger, 9mm pistol, S/N 458-28696;
- a Glock, .40 caliber pistol, S/N MVL837 and
- Ammunition.

The defendant agrees that this property was involved in the commission of the offenses charged in the Indictment. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and

equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

13. **Full Disclosure by the United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it

does not bind any other federal, state, or local prosecution authority.

      **15.**    **No Other Agreements.**    The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____  
Katherine J. Andrusak  
Deputy Criminal Chief

Date: 3/24/26

_____  
Raashad Robinson  
Defendant

Date: 3-26-26

_____  
Richard Paugh  
Attorney for Defendant

Date: 3-26-26